# EXHIBIT 3

CJ-2015-2444
Swinton

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 21 2015

TIM RHODES
COURT CLERK
30 ___

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

STEVEN DANIELS and AMY DANIELS, )
Plaintiffs, )
)
)
v. ) Case No. CJ-2015-2444
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a New Hampshire corporation, )
Defendant. )

## PETITION

COME NOW the Plaintiffs, Steven Daniels and Amy Daniels and, for their Petition against Safeco Insurance Company of America, allege and states as follows:

1. Plaintiffs are residents of Oklahoma County, State of Oklahoma.

2. Defendant is an insurance company incorporated in the State of New Hampshire and licensed and authorized to conduct business in the State of Oklahoma and is conducting business in Oklahoma County, State of Oklahoma.

3. The defendant issued to the plaintiffs a policy of insurance, Policy Number OF2142020, covering certain perils to the residence of the plaintiffs situated in Oklahoma County and located at 1921 Faircloud Drive, Edmond, Oklahoma.

4. This suit arises out of damage to the plaintiffs' residence and the defendant's breach of contract for benefits payable under the policy of insurance and defendant's failure to deal fairly and in good faith with the plaintiffs, and therefore venue is proper in Oklahoma County.

### FIRST CAUSE OF ACTION
(Breach of Contract)

5. On or about April 26, 2013, the plaintiffs' roof was damaged by a hail storm.

6. On or about June 19, 2013, the plaintiffs made a claim under the policy of insurance issued

by the defendant. In response, the defendant sent a representative to the residence of the plaintiffs and after inspecting the plaintiffs' roof, the defendant's representative misrepresented to the plaintiffs that the storm did not damage the plaintiffs' roof, that the plaintiffs failed to properly maintain the roof, and defendant's representative encouraged the plaintiffs to withdraw their claim.

7. The defendant's representative knew or should have known that his representations that the plaintiffs' roof was not damaged to be false. The misrepresentation constituted fraud and/or constructive fraud.

8. In reliance upon the defendant representative's false representations, the plaintiffs withdrew their claim and took no further action to pursue their claim.

9. In January of 2015, the plaintiffs again notified the defendant that their roof was damaged by a storm. During the claim process, the plaintiffs learned that the roof was damaged by hail in the storm of April 26, 2013.

10. Under the policy of insurance issued by the defendant, the plaintiffs have met all of the conditions of the contract and are entitled to the sum of $38,000.00 for the damages to their roof. The defendant has failed and refused to pay the plaintiffs and is in breach of the insurance contract.

11. Wherefore, the plaintiffs seek judgment from the defendant in the amount of $38,000.00, plus interest, costs and any and all other relief to which the plaintiffs are entitled, all in an amount less than that required for diversity of citizenship jurisdiction in federal court.

## SECOND CAUSE OF ACTION
(Bad Faith)

12. The plaintiffs incorporate herein the allegations contained in paragraphs 1 through 11 above as though fully stated herein.

13. The false representation of the defendant's representative that the plaintiffs' residence was not damaged in the April 26, 2013 storm constituted fraud or constructive fraud on the part of the defendant who thereby failed to deal fairly and in good faith with the plaintiffs.

14. The defendant failed to reveal the damage from the April 26, 2013 storm to the plaintiffs.

15. In January, 2015, the plaintiffs found the damage previously concealed by the defendant and advised the defendant that the damage to the roof occurred on April 26, 2013.

16. The defendant has failed and refused to adjust the claim filed for the storm of April 26, 2013 and improperly considered a storm from December 2014.

17. The defendant has failed and refused to correspond with the plaintiffs after inviting the plaintiffs to provide additional information after defendant inspected the plaintiffs' roof.

18. The defendant has failed and refused to perform a proper investigation of the plaintiffs' claim for hail damage from the April 26, 2013 storm.

19. The defendant provided false information with respect to the damage on the plaintiffs' roof in conflict with a previous inspection performed by the defendant in 2012.

20. The defendant fraudulently represented to the plaintiffs that the defendant would utilize the services of an independent engineer with whom the defendant had no business relationship, to inspect the plaintiffs' roof. The defendant improperly and in bad faith instructed the engineer hired by the defendant to inspect the plaintiffs' roof for hail damage only relating to a December 2014 storm in violation of defendant's duty to deal fairly and in good faith

with the plaintiffs. Defendant's engineer advised the plaintiffs' representative during his inspection that he observed hail damage on the plaintiffs' roof, but later reported only with respect to whether the hail damage was caused by the December 2014 storm.

21. The actions and omissions to act on the part of the defendant constitute a bad faith breach of the defendant's duty to deal fairly and in good faith with the plaintiffs.

22. As a result of the defendant's fraud and failure to deal fairly and in good faith with the plaintiffs, the plaintiffs suffered emotional distress, embarrassment, consequential financial loss, and policy benefits.

23. As a result of defendant's fraud and failure to deal fairly and in good faith, the plaintiffs are entitled to punitive damages.

24. Wherefore, the plaintiffs seek damages for emotional distress, embarrassment, consequential financial loss, policy benefits and punitive damages, all in an amount less than that required for diversity of citizenship jurisdiction in federal court.

*/s/ Steven Daniels*
Steven Daniels
1921 Faircloud Drive
Edmond, OK 73034
(405) 974-0909
Pro Se for Plaintiffs