IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN DANIELS and AMY DANIELS, )
)
        Plaintiffs, )
)
v. ) Case No. CIV-16-360-C
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a New Hampshire )
corporation, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs owned a home in Oklahoma County which was insured by Defendant. Alleging that their roof was damaged by a storm, Plaintiffs made a claim with Defendant for coverage under the insurance policy. Defendant denied the claim. Dissatisfied with this result, Plaintiffs filed an action in Oklahoma County District Court asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of various consumer protection statutes. Defendant removed the action to this Court and filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs had failed to state a claim for relief. After review of Plaintiffs' Amended Complaint, the Court finds Defendant's Motion must be overruled.

At its minimum, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original). Despite Defendant's arguments to the contrary, Plaintiffs' Amended Complaint satisfies this

requirement. Plaintiffs have stated that they were insured by Defendant, that their home was damaged, and that Defendant denied the claim. These allegations are sufficient to state a claim for breach of contract. Plaintiffs also outline the actions they took in attempting to persuade Defendant to alter its position, which were ultimately unsuccessful. These allegations are sufficient to state a claim for breach of the duty of good faith and fair dealing. However, the Court finds that Plaintiffs have failed to identify any specific consumer protection statute which applies to the facts present in this case and which would give rise to a claim for relief. Accordingly, that portion of the Amended Complaint will be dismissed. To the extent Plaintiffs wish to pursue their claims for violation of any consumer protection statute, they must file an Amended Complaint within ten days of the date of this Order.

Contained within their response to Defendant's Motion to Dismiss, Plaintiffs raise arguments seeking remand of this matter to state court. According to Plaintiffs, the amount in controversy does not meet the jurisdictional threshold to grant this Court subject matter jurisdiction under 28 U.S.C. § 1332. As Defendant notes in its Reply, in this regard Plaintiffs' request violates LCvR7.1(d). Therefore, the request for remand will be stricken. To the extent Plaintiffs wish to pursue remand of this matter, they shall file a proper motion within ten days of the date of this Order.

For the reasons set forth herein, Defendant Safeco Insurance Company of America's Motion to Dismiss (Dkt. No. 5) is denied in part and granted in part. Plaintiffs' claims for breach of contract and breach of the duty of good faith and fair dealing survive. Plaintiffs'

claim for violation of unspecified consumer protection statutes is granted. Likewise, to the extent Plaintiffs seek remand, that portion of the Motion is stricken.

IT IS SO ORDERED this 19th day of May, 2016.

ROBIN J. CAUTHRON
United States District Judge