IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN DANIELS and AMY DANIELS, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-16-360-C<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs owned a home in Oklahoma County which was insured by Defendant. Alleging that their roof was damaged by a storm, Plaintiffs made a claim with Defendant for coverage under the insurance policy. Defendant denied the claim. Dissatisfied with this result, Plaintiffs filed an action in Oklahoma County District Court asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of various consumer protection statutes. Defendant removed the action to this Court. Plaintiffs argue removal was improper and remand is required, as the Court lacks subject matter jurisdiction.

According to Plaintiffs, Defendant predicates removal jurisdiction on diversity of citizenship, yet the amount in controversy identified in Plaintiffs' state court Petition is limited to "$70,000.00," thus failing to satisfy the jurisdictional amount of 28 U.S.C. § 1332. The Court disagrees. "Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal." Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970). As

Defendant makes clear in the Notice of Removal, Plaintiffs attempt to craft their request for damages in a manner to avoid diversity jurisdiction but protect their ability to recover a greater amount. Immediately after demanding $70,000.00, Plaintiffs state "Plaintiffs do not agree to be bound by this amount because Plaintiffs are unable to determine their damages until dispositive motions are heard and the Court has ruled on all evidence issues." (Def.'s Resp., Dkt. No. 16, Ex. 1, p. 4). Further, as Defendant sets forth in the Notice of Removal, Plaintiffs seek punitive damages. Even a limited punitive damage award would push Plaintiffs' recovery over the jurisdictional threshold. Defendant has the burden of showing jurisdiction by a preponderance of the evidence. Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). The Court finds the assertions set forth in the Notice of Removal satisfy that burden.

For the foregoing reasons, Plaintiffs' Motion to Remand (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 29th day of June, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge