IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN DANIELS and AMY DANIELS, )
)
        Plaintiffs, )
)
v. ) Case No. CIV-16-360-C
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a New Hampshire )
corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs' home was insured by Defendant. In May 2012, Plaintiffs made a claim for hail damage to their roof. After examining the roof, Safeco paid for the damage based on its assessment of the cost to repair. In April of 2013, Plaintiffs' home was again hit by hail. Upon review, the adjustor for Defendant determined that all the damage to their roof was old hail damage; consequently Plaintiffs did not pursue a claim on this damage. In December of 2014, Plaintiffs' roof was again hit by hail and high wind. Defendant assigned the claim to Rimkus Consulting who determined that the damage to the roof was less than the amount of Plaintiffs' deductible. Dissatisfied, Plaintiffs hired an independent company who determined that the 2014 storm caused damage which required full replacement of the roof. The parties were unable to reach an agreement on the cause or extent of the damage to the roof. Plaintiffs then filed the present action raising claims for breach of contract and bad faith. During the course of litigation, Plaintiffs issued discovery requests to Defendant.

Dissatisfied with the responses received by Defendant, Plaintiffs have filed a Motion to Compel.

Before turning to the merits of Plaintiffs' Motion the Court must address Plaintiffs' satisfaction of the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and LCvR 37.1. Plaintiffs' counsel asserts that prior to filing the present Motion, he left phone messages which were not returned and sent letters to no avail. Refuting these assertions, Defendant argues that it responded to Plaintiffs' counsel's first letter with some additional response while maintaining the objections to the discovery at issue in this Motion. Defendant's counsel asserts no recollection of any other phone call and denies receipt of any other letter. Defendant requests the Court strike Plaintiffs' Motion for failure to comply with the meet-and-confer requirement.

Based on the record before the Court, it cannot be said that Plaintiffs have not complied with the requirements of the Federal Rules and/or the Local Rules. Plaintiffs' counsel has averred that he attempted to comply with no response from Defendant. In the absence of compelling evidence to the contrary, the Court will not strike the Motion.

Plaintiffs have identified three distinct issues with Defendant's discovery responses. First, Plaintiffs seek discovery of the underwriting file related to their property. Defendant objected, refusing to produce that file on the grounds that the material was irrelevant, the request was vague, overly broad or unduly burdensome, that it sought documents protected by the attorney-client privilege or the work-product doctrine, and that the documents are confidential or include proprietary trade secret materials. In its response, Defendant

expounds upon its vague, ambiguous, and overly broad and unduly burdensome objections, noting that Plaintiffs do not seek simply the underwriting file but any and all documents related to the underwriting file. Thus, Defendant argues, it would have to guess as to whether the documents are in fact related or not. Additionally Defendant argues that the underwriting file is irrelevant to Plaintiffs' breach of contract claim because none of Plaintiffs' claims implicate the issuance of the policy. Defendant argues that it is not relevant to the bad faith claim because the bad faith claim hinges on an insurer's evaluation of a claim not the actions of the insured at the time of issuance. Defendant offers no further explanation regarding its claims of attorney-client privilege or work-product protection.

The Court agrees with Defendant that to the extent Plaintiffs' request seeks "any and all documents" related to the underwriting file, the request is overbroad and unreasonably vague. However, the documents included within the underwriting file may have some tendency to lead to otherwise admissible evidence. Thus, it falls within the reach of Fed. R. Civ. P. 26(b)(1). Accordingly, Defendant shall produce its underwriting file for Plaintiffs' insurance policy.

The second issue identified by Plaintiffs is their request for "**all** materials used to train the adjustors and/or decision makers in Safeco's way of adjusting wind and hail claims." (Dkt. No. 20, p. 6.) In response, Defendant argues that it has produced approximately 600 pages of Oklahoma wind and hail claims handling guidelines from 2012 through 2015 and to the extent Plaintiffs seek additional information, that request would seek irrelevant information. Plaintiffs argue that despite this production they are aware of additional e-mails

from Safeco circulated to its adjustors regarding specific conditions or actions required in the handling of Oklahoma wind and hail claims and that those documents have not been produced. Defendant does not respond to Plaintiffs' assertion of unproduced documents, specifically, the mentioned e-mails. Therefore, to the extent such e-mails exist, Defendant shall produce them to Plaintiffs. Other than those documents, and in the absence of evidence of the existence of other non-produced training materials, the Court finds that Defendant has adequately produced the documents relevant to Plaintiffs' case and within the scope of their discovery request.

The final issue hinges on Interrogatory No. 9 and Request for Production Nos. 17, 18 & 19. Each of these discovery requests seek information related to the relationship between Defendant Safeco and Rimkus Consulting. Defendant argues this is an improper fishing expedition seeking to provide some support for a conspiracy theory that Rimkus is a regularly retained expert that provides biased reports to Safeco. Defendant asserts that such documents are irrelevant.

The Court finds that to the extent set forth below, information related to Defendant's relationship with Rimkus is discoverable. Based on the allegations in Plaintiffs' Complaint, it appears that Defendant relied at least in part on an evaluation by Rimkus in determining what amount of damage Plaintiffs' roof had suffered. Plaintiffs have raised allegations of a close relationship between Defendant and Rimkus. Certainly, Plaintiffs are entitled to some limited discovery to explore the scope of that relationship. Thus, Defendant shall produce information in response to Interrogatory No. 9 and Request for Production Nos. 17, 18 & 19,

4

as set forth below. As to Interrogatory No. 9, Defendant shall identify the number of times Rimkus has been used in relation to any Oklahoma claim since January 1, 2010, limited to wind and hail claims. As for Request for Production No. 17, which seeks all documents that establish and explain the relationship between Defendant Rimkus Consulting, Defendant shall produce any contracts and memoranda of understanding agreements between itself and Rimkus. Request for Production No. 18 seeks all documents instructing adjustors or other employees when and how to use outside consulting firms for hail roof losses. Defendant shall produce its training documents and/or guidance documents provided its employees which would indicate when and how an outside consulting firm should be used. Finally, Request for Production No. 19 seeks the approved list identifying all outside firms or organizations used from January 1, 2010, to the present for handling wind, hail, or roof claims. Defendant shall produce such documents identifying those outside firms or organizations approved to assist in handling wind, hail, or roof claims within the state of Oklahoma.

Defendant shall make the additional production ordered herein within 20 days of the date of this Order.

As the Court finds Defendant's position was at least in part substantially justified, each party shall bear its own fees and costs related to this Motion. <u>See</u> Fed. R. Civ. P. 37(a)(5).

As set forth more fully herein, Plaintiffs' Motion to Compel (Dkt. No. 20) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 1st day of December, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge